UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
DORIS CALDERON,

Plaintiff,

                          COMPLAINT

v.                                     1:22-cv-6868

GLOBAL HOLDINGS MANAGEMENT GROUP       JURY REQUESTED
and 875 THIRD AVENUE, LLC,

Defendants.
-------------------------------------------------X

      Plaintiff Doris Calderon, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendants Global Holdings Management Group and 875 Third Avenue, LLC ("Defendants" or, collectively, "Global Holdings") as follows:

## PRELIMINARY STATEMENT

      1.     This case is about Defendants' disability discrimination and retaliation against Plaintiff Doris Calderon. Calderon was a forewoman at Global Holdings who was initially demoted after raising her rights to be free from gender and sexual harassment. Calderon was, thereafter, repeatedly subjected to ongoing retaliation for raising her rights. That retaliation culminated in a wholesale refusal to provide a reasonable accommodation for her disability by the same employees who discriminated against her on the basis of gender.

      2.     Calderon was injured at work and went out on disability. When Calderon attempted to return to work with reasonable accommodations, Defendants denied engaging the interactive process and terminated Calderon explicitly because of her disability.

## JURISDICTION

      3.     Pursuant to 28 U.S.C. §1331, this Court properly has jurisdiction because Plaintiff's claims arise under a federal Statute.

      4.     Pursuant to 28 U.S.C. §1367, this Court properly has jurisdiction over Plaintiff's

1

State and New York City law claims because they arise out of the same case or controversy.

## ADMINISTRATIVE PREREQUISITE

5. Calderon was given a Right to Sue Letter by the Equal Employment Opportunity Commission on May 13, 2022 and properly filed this action within 90 days.

## PARTIES

6. Plaintiff was and is a resident of Brooklyn, New York.

7. Upon information and belief, Defendant Global Holdings Management Group was and is incorporated in the State of Delaware with a principal place of business at NoMad Tower, 1250 Broadway, 38th Floor, New York, New York 10001.

8. Defendant 875 Third Avenue, LLC was and is the building Calderon worked at, located at 875 Third Avenue, New York, New York 10022 and is wholly owned by Global Holdings.

## JURY DEMAND

9. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

10. Calderon first began working at Global Holdings in June 2011 as a forewoman, but was later illegally demoted to a role in which she cleaned bathrooms in the same building.

11. Calderon worked without issue as a forewoman, but after she reported a supervisor for harassment, she was retaliated against and ultimately terminated from the forewoman position.

12. Thereafter, Calderon was subject to repeated and ongoing retaliation that included, but was not limited to, disability discrimination, harassment, and, ultimately, an avoidable injury related to work in the position she was given following her demotion.

13. Calderon was rehired as an elevator operator, but, eventually, was moved to a

position where she solely cleaned bathrooms.

14. Starting on November 11, 2019, Calderon worked mostly through COVID-19 cleaning the bathrooms, until she began experiencing extreme pain in her lower back.

15. On or about June 15, 2021, Calderon again notified her employer that she was experiencing back pain and requested that she take time off.

16. Calderon's employer never inquired about reasonable accommodations at this time but, instead, offered for Calderon to take disability leave.

17. Stated differently, Mike, Calderon's shift supervisor, and Bruce, her manager, were pigeonholing her in disability leave rather than actually supporting her and offering a dialogue for accommodations (ie. the interactive process) as is required by law.

18. Calderon's doctor confirmed that she had fractured her spine, likely as a result from pushing the heavy cart used to clean the bathrooms.

19. Calderon went on disability leave for a short time to treat and precisely determine what was wrong with her back.

20. Her doctor ultimately determined that Calderon was capable of returning to work in November, and would require a follow up as well, but that pushing the heavy cart would cause extreme pain and would be incredibly unsafe.

21. With accommodations, Calderon was otherwise cleared to work.

22. Mike and Bruce, however, would not engage her in any conversation about it.

23. After learning of her disability, Mike and Bruce shut down all conversation and, essentially, gave Calderon a 'take it or leave it' ultimatum demanding that she only work cleaning bathrooms despite her ability and qualification to work in other cleaning roles that did not involve pushing a heavy cart.

24. Calderon had been previously offered a role in mopping but turned it down in favor of the bathroom role.

25. Calderon was capable of working in that mopping role, but her manager would not even begin having a conversation about what roles she could work in.

26. After she had a check up in November, Calderon texted Mike that she could not return to the bathroom roll, because of the heavy cart, and said "no one is accommodating me."

27. Mike only asked whether her disability was extended, and did not inquire about any accommodations.

28. In fact, Mike mentioned to a coworker that Calderon would not be returning to work, but that if she did try to return "they are going to make it harder for her to come back."

29. Calderon's final day of work was October 28, 2021 and was ultimately terminated because of her disability.

## CAUSES OF ACTION
## FIRST CLAIM

**Failure to Engage the Interactive Process in Violation of the ADA and New York State Human Rights Law**

30. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

31. Defendant Global Holdings is an employer covered under the Americans with Disabilities Act.

32. Plaintiff is disabled within the meaning of the Americans with Disabilities Act; her major life functions are impaired by her disabilities.

33. Plaintiff is disabled within the meaning of §296(2) and (21) of the New York State Human Rights Law (NYSHR).

34. Defendants knew, through its senior employees, of Plaintiff's need and request for an accommodation, but failed to fulfill its duty to provide such reasonable accommodation.

35. Plaintiff was able to perform her core job functions with or without accommodations.

36. Plaintiff requested accommodations for her spine injury, by requesting that she work in a role which did not include pushing a heavy cart.

37. Defendants summarily failed to accommodate Plaintiff's request for an accommodation by failing to engage the interactive process.

38. Defendants' managers and high-level workers were blatantly aware of Plaintiff's disabilities, yet no Defendant ever made any formal move to engage the interactive process regarding Plaintiff's disabilities.

39. In fact, Defendants' employees actively denied that they would engage any conversation about Plaintiff's disabilities.

40. Plaintiff notified the Defendants about her disabilities, Defendants never returned any formal or informal response, information, or communication regarding those disabilities, and never accommodated Plaintiff.

41. Defendants simply pigeonholed Plaintiff into disability leave.

42. Defendants violated the ADA and NYSHR when they failed to engage in the interactive process to learn more about Plaintiff's disability and requested accommodation.

## SECOND CLAIM

**Failure to Engage Cooperative Discussions in Violation of New York City Human Rights Law**

43. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

44. Defendants violated the New York City Human Rights Law (NYCHR) they failed to engage cooperative discussions to learn more about Plaintiff's disability and requested accommodations.

45. Plaintiff is disabled within the meaning of §8-102(16) of the New York City Human Rights Law.

46. Defendants knew, through senior employees, of Plaintiff's need and request for an accommodation, but failed to fulfill their duty to provide such reasonable accommodation.

47. Plaintiff requested accommodations for her spine injury, by requesting that she work in a role which did not include pushing a heavy cart.

48. Defendants summarily failed to accommodate Plaintiff's request for an accommodation by failing to engage the interactive process.

49. Defendants were required to provide Plaintiff a written final determination regarding his disability accommodations yet failed to do so.

50. Defendants' managers and high-level workers were blatantly aware of Plaintiff's disabilities, yet no Defendant ever made any formal move to engage the interactive process regarding Plaintiff's disabilities.

51. Plaintiff notified the Defendants about her disabilities, but Defendants never returned any formal or informal response, information, or communication regarding those disabilities, and never accommodated Plaintiff.

52. Defendants violated the New York City Human Rights Law when they failed to engage in cooperative discussions to learn more about Plaintiff's disability and requested accommodations.

## THIRD CLAIM

### Failure to Provide a Reasonable Accommodation

53. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

54. Plaintiff Calderon was disabled with the meaning of the ADA, the NYSHR, and the NYCHR.

55. Plaintiff could have been accommodated to continue working by not forcing her to push a heavy cart.

56. Plaintiff's job was to clean the building, and she was able to perform that job regardless of any accommodations.

57. It would not have been an undue burden for Defendants to not force Plaintiff to push the heavy cart.

58. Rather than accommodate Plaintiff, Defendants prevented Plaintiff from returning to work and ultimately terminated her.

## FOURTH CLAIM

### Retaliation in Violation of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law

59. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

60. The ADA, the NYSHR, and NYCHR require employers to grant reasonable accommodations to their disabled employees.

61. The ADA, the NYSHR, and NYCHR prohibit employers from discriminating against employees who are disabled.

62. The ADA, the NYSHR, and NYCHR prohibit employers from retaliating

against employees that request a reasonable accommodation.

63. Plaintiff had conspicuous and known disabilities.

64. Plaintiff requested a reasonable accommodation – that she not have to push around a heavy cart to clean the building.

65. Defendants did not entertain any good faith efforts to engage in the interactive process.

66. Defendants terminated Plaintiff because she could not push the heavy cart because of her disability status.

67. Defendants retaliated against Plaintiff by terminating her employment after her request for a reasonable accommodation.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements

D. For the fourth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

E. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
August 11, 2022

                                              **THE HARMAN FIRM, LLP**

                                              By: _/s/ Walker G. Harman, Jr._
                                              Walker G. Harman, Jr.
                                              1270 Sixth Ave.
                                              Suite 756
                                              New York, NY 10020
                                              (646) 248-2288
                                              wharman@theharmanfirm.com
                                              *Attorney for Plaintiff*